■ H & H REINSURANCE BROKERS LTD. et al., Respondents-Appellants, v HERMITAGE INSURANCE COMPANY, Appellant-Respondent. [678 NYS2d 651] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendant Hermitage Insurance Company appeals, as limited by its brief, (a) from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 14, 1997, as denied its motion for partial summary judgment, and (b) from so much of an order of the same court, entered November 17, 1997, as, upon reargument and renewal, adhered to that portion of the prior order denying its motion for partial summary judgment, and (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the order entered August 14, 1997, as denied their cross motion for partial summary judgment.

Ordered that the appeal by the defendant from the order entered August 14, 1997, is dismissed, without costs or disbursements, as the portion of the order from which the defendant appeals was superseded by the order entered November 17, 1997, made upon reargument and renewal; and it is further,

Ordered that the order entered November 17, 1997, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 14, 1997, is modified by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for partial summary judgment on the issue of liability for fees relating to Agreement No. 4222-03 for the period of January 1, 1994, to May 31, 1994, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The plaintiffs, reinsurance intermediaries and consultants (hereinafter collectively referred to as IAS), commenced this action, *inter alia,* to recover fees pursuant to an October 2, 1991, contract with the defendant. IAS contends that the defendant wrongfully terminated the contract on May 31, 1994, and seeks to recover fees for the period of January 1, 1994, to May 31, 1994, relating to a so-called "$350,000 x/s $150,000" reinsurance treaty, fees for the period of January 1, 1992, to May 31, 1994, relating to a "$500,000 x/s $500,000" reinsurance treaty, and fees related to both treaties after the contract was allegedly wrongfully terminated.

The Supreme Court properly concluded that there is an issue of fact as to whether the contract was terminable at will or whether it was to continue for so long as the underlying reinsurance treaty or treaties remained in effect. The October 2, 1991, letter contract, which, as indicated in the letter itself, only "highlight[s]" the parties' agreement and specifically refers to prior correspondence between the parties, is ambiguous with regard to its duration. It is unclear whether the parties agreed that IAS was to be compensated so long as the underlying treaty or substitute treaty was in effect or whether the parties failed to agree on a duration provision, making the contract terminable at will.

The defendant contends that, in any event, IAS may not recover because it is seeking fees for services performed as a reinsurance intermediary prior to the date IAS became licensed to act as such as required by the Insurance Law. IAS claims, however, that the fees are for consulting services performed after it became licensed on June 21, 1991.

The Supreme Court found that IAS acted as a consultant and therefore did not violate the licensing provisions of the Insurance Law. While we find that there is a question of fact as to whether IAS is seeking to recover fees for reinsurance intermediary or consultant services, we conclude that recovery is not precluded.

Neither the defendant nor IAS established, as a matter of law, whether the compensation IAS seeks is for services performed as a reinsurance intermediary in negotiating and procuring the underlying reinsurance treaty prior to the date IAS became licensed or for consulting services performed subsequent to the placement of the treaty and IAS's licensing. Notably, both the defendant and IAS have taken inconsistent positions on the issue during the course of this litigation. However, regardless of the nature of the services performed, IAS is not barred from recovering any fees owed.

Insurance Law § 2102 (a) (1) prohibits any person or entity from acting as "an insurance agent, insurance broker, reinsurance intermediary or insurance adjuster" within the State without a valid license. Insurance Law § 2102 (a) (2) sets forth a monetary penalty for anyone acting as a reinsurance intermediary in violation of the licensing requirement. A similar penalty is not provided for unlicensed insurance agents, brokers, or adjusters. However, Insurance Law § 2102 (b) (3) prohibits an unlicensed insurance agent, broker, or consultant from receiving any fees for certain services rendered. There is no comparable provision in section 2102 or elsewhere in the In-

surance Law precluding an unlicensed reinsurance intermediary from receiving a fee.

Generally, the failure of the Legislature to include a matter within a statute is an indication that its exclusion was intended (see, McKinney's Cons Laws of NY, Book 1, Statutes § 74). In Insurance Law § 2102, the Legislature specifically precluded unlicensed insurance agents, brokers, and consultants from receiving fees, but failed to include unlicensed reinsurance intermediaries within the scope of that prohibition. Rather, the Legislature imposed a monetary penalty on unlicensed reinsurance intermediaries. Under the circumstances, we cannot construe the statute to include an additional penalty which the Legislature itself failed to impose.

Since it is undisputed that the defendant did not pay IAS any fees from January 1, 1994, through May 31, 1994, when it purportedly terminated the contract, IAS is entitled to partial summary judgment on the issue of liability for those fees which relate to the so-called "$350,000 x/s $150,000" treaty (Agreement No. 4222-03) specifically covered by the parties' contract dated October 2, 1991, contract. IAS is not, however, entitled to partial summary judgment for the fees relating to the "$500,000 x/s $500,000" treaty which predate the purported termination. The contract covered fees relating to the "$350,000 x/s $150,000" treaty "or any substitute layer". There is a triable issue of fact as to whether the "$500,000 x/s $500,000" treaty is a "substitute layer" within the meaning of the contract. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.